IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DILLON MYRICK,** | § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. 6:22-CV-00484-JDK |
| v. | § § § | |
| **ADAPTHEALTH, LLC, HOME MEDICAL EXPRESS, INC.,** | § § § § § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendants Adapthealth, LLC and Home Medical Express Inc.'s (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) Plaintiff has filed a response (Doc. No. 12), to which Defendants have filed a reply (Doc. No. 14). The motion was referred to the undersigned for proposed findings of fact and recommendation for disposition. (Doc. No. 16.) For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion (Doc. No. 6) be **DENIED.**

**BACKGROUND**

On December 14, 2022, Plaintiff Dillon Myrick filed this action against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Doc. No. 1.) Plaintiff alleges that Defendant Adapthealth conducted wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry ("DNC")—without consent, all in violation of the TCPA. *Id.* at ¶ 4. Specifically, Plaintiff alleges that Adapthealth made two unauthorized calls and/or texts to

1

Plaintiff's cell phone using an automatic telephone dialing system ("ATDS"), artificial or pre-recorded voice, or calling Plaintiff despite him being on the DNC list and their internal do not call list. *Id.* at ¶ 7. Plaintiff asserts two claims based upon these contentions: (1) violation of TCPA § 227(b) for making unsolicited telephone calls using prerecorded voices to Plaintiff within a 12-month period without prior express consent; and (2) violation of TCPA § 227(c) and 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff who were on the DNC list. *Id.* at 19–20. Defendants move to dismiss Plaintiff's claim brought pursuant to TCPA § 227(c) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not

required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

In their motion, Defendants argue that Plaintiff cannot state a claim under § 227(c) based upon alleged calls to his cellular phone because the TCPA and the implementing federal regulations restrict calls made to a residential telephone subscriber, not a cellular phone subscriber. (Doc. No. 6, at 9.) In support, Defendants cite several Eastern District of Texas cases for the proposition that 47 C.F.R. § 64.1200(c) and (d) do not call regulations do not encompass cell phones. *Id.* at 10 (citing *Johnson v. Palmer Administrative Services, Inc.*, 2022 WL 17546957 (E.D. Tex. Oct. 20, 2022), *report and recommendation adopted*, 2022 WL 16919786 (E.D. Tex. Nov. 14, 2022); *Cunningham v. Creative Edge Marketing LLC*, 2021 WL 3085415, at *4 (E.D. Tex. June 16, 2021), *report and recommendation adopted*, 2021 WL 3085399 (E.D. Tex. July 20, 2021); *Cunningham v. Britereal Mgmt.*, 2020 WL 7391693 at *7 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) (same); *Cunningham v. Air Voice, Inc.*, 2020 WL 9936139, at *5 (E.D. Tex. Feb. 14, 2020), *report and recommendation adopted*, 2020 WL 1433948 (E.D. Tex. Mar. 24, 2020) (same); *Cunningham v. Politi*, 2019 WL 2519568 at *4 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, 2019 WL 2524736 (E.D. Tex. June 19, 2019)). Defendants further argue that Section 64.1200(e) of the regulations,

which states that Section 64.1200(c) applies equally to wireless lines does not arise from the language of the TCPA and is not binding on this court. *Id.* at 11. Defendants further argue that, to the extent Section 64.1200(e) is legislative, they were not provided with an adequate opportunity to seek judicial review as to whether wireless numbers should be considered residential numbers for registry purposes. *Id.* at 13.

Plaintiff argues that Defendants' arguments are without merit because the Fifth Circuit in *Cranor v. 5 Star Nutrition* stated that "the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home." (Doc. No. 12, at 3, citing 998 F.3d 686, 691 (5th Cir. 2021)). Plaintiff argues that Defendants' citations to the *Cunningham* cases are distinguishable because they all turned on the plaintiff's failure to plead that his cell phone line functioned as a residential line. *Id.* at 4–5. Defendants reply arguing that *Cranor* addressed a question regarding § 227(b) of the TCPA, which covers cellular telephone service, but did not address the issue of whether the do not call provisions under § 227(c) relating to "residential telephone subscribers" would apply to cellular phone subscribers. (Doc. No. 14, at 2–3.) Defendants therefore argue that *Cranor* is not binding and does not provide useful guidance to the court in resolving the issue presented. *Id.* at 4.

Before the court is the consideration of Plaintiff's claim brought pursuant to TCPA § 227(c) and 47 C.F.R. § 64.1200(c) for violations based upon telephone solicitations to wireless and residential telephone subscribers such as Plaintiff who were on the DNC list. Section 227(c) establishes the national DNC list and creates a private right of action against particular entities. *See* 47 U.S.C. § 227(c). To successfully plead a violation under section 227(c), a plaintiff must allege (1) the receipt of "more than one" telephone call or message "within any 12-month period," (2) made "by or on behalf of the same entity," (3) to a phone number registered on the DNC list.

*Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2022 WL 18673259, at *3 (N.D. Tex. Nov. 18, 2022), *report and recommendation rejected on other grounds*, No. 3:22-CV-1000-G-BK, 2023 WL 372066 (N.D. Tex. Jan. 23, 2023) (citing 47 U.S.C. § 227(c)(5)).

As discussed above, Defendants argue that Plaintiff's claims under § 227(c) must be dismissed because that portion of the TCPA applies only to residential telephone subscribers, not cellular telephone subscribers. The court agrees that the plain language of § 227(c) of the TCPA applies to "residential telephone subscribers." 47 U.S.C. § 227(c). In this case, Plaintiff has alleged that Defendants made "telephone solicitations to wireless and residential telephone subscribers" such as himself. (Doc. No. 1, at ¶ 83.) Because Plaintiff has alleged that he registered his cellular phone with the DNC list (Doc. No. 1, at ¶ 31), his claim under § 227(c) rests on his argument that his cellular phone subscription qualifies him as a residential telephone subscriber. The court is unaware of, and indeed Defendants do not cite, any binding precedent that would foreclose Plaintiff's allegations, as pleaded, under the TCPA.

In *Cranor*, in considering § 227(b), the Fifth Circuit noted that "the TCPA expressly covers cellular phones." *Cranor*, 998 F.3d at 690. The Fifth Circuit reasoned that Congress sought to remediate "nuisance and invasion of privacy" in a broader set of circumstances, not just in the home and that "the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home." *Id.* The Fifth Circuit's reasoning is consistent with Federal Communications Commission's ("FCC") Report and Order, which extended the full coverage of the TCPA to cell phones. *See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14039 (2003) (stating "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections."). While the court agrees with Defendants that the Fifth Circuit in *Cranor* did not specifically address § 227(c) of the TCPA,

5

which applies only to "residential telephone subscribers," given the Fifth Circuit's reasoning, the FCC's guidance, and the fact that Plaintiff has alleged that his cellular phone subscription qualifies him as a residential telephone subscriber, the court cannot conclude that these claims must be dismissed as a matter of law as Defendants suggest. Moreover, other courts addressing this exact question, including those within this circuit, have agreed that § 227(c)'s "residential telephone subscriber" provision can encompass wireless subscribers. *See Mantha v. QuoteWizard.com, LLC*, No. CV 19-12235-LTS, 2022 WL 325722, at *4 (D. Mass. Feb. 3, 2022) (concluding that "the term 'residential telephone subscriber' can encompass wireless or cellular phone users, and therefore the TCPA's DNC protections can extend to such users."); *Dudley v. Vision Solar, LLC*, No. CV 21-659, 2021 WL 3077557, at *5 (E.D. Pa. July 21, 2021) ("[t]he consensus in this Circuit is that Do Not Call claims may apply to cell phones."); *Strange v. ABC Co.*, No. CV 19-1361, 2021 WL 798870, at *4 (W.D. La. Mar. 1, 2021) ("the Court finds persuasive authority that plaintiffs [] who register their cell phones with do-not-call registries are presumed to be residential subscribers."); *see also Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *3 (N.D. Tex. Feb. 24, 2022) (concluding that plaintiff had "alleged sufficient facts for the court to draw the reasonable inference that his cellular telephone is a "residential telephone" for purposes of 47 C.F.R. §§ 64.1200(c) and (d).").

      Indeed, Plaintiff's allegations regarding his cellular phone qualifying him as a residential telephone subscriber distinguish this case from the line of *Cunningham* cases cited by Defendants. As to the sufficiency of Plaintiff's allegations regarding the "residential" nature of his cellular phone subscription, the court is unaware of, and Defendants do not proffer, any facts that must be alleged to qualify a cellular phone under the residential telephone subscriber provision of § 227(c). The court will not, at present, create a judicial test regarding what must be alleged to give meaning

to the term "residential," as the question presented by Defendant's motion is merely whether §227(c) can apply to cellular telephone subscribers. As discussed, the court is unaware of any precedent that would foreclose such a claim and Plaintiff's allegations regarding residential telephone subscription are sufficient. *Twombly,* 550 U.S. 544, at 545 (concluding that to survive a Rule 12(b)(6) challenge, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 6) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 26th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE