IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DILLON MYRICK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-484-JDK |
| § | |
| ADAPTHEALTH LLC and HOME § | |
| MEDICAL EXPRESS, INC., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 14, 2022, Plaintiff Dillon Myrick filed this action against Defendants AdaptHealth LLC and Home Medical Express, Inc. alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On March 7, 2023, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 6. The Court referred the motion to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for proposed findings of fact and recommendation for disposition. Docket No. 16.

On June 26, 2023, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Defendants' motion. On July 10, 2023, Defendants filed objections to the Report and Recommendation. Docket No. 22.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Defendants first object that the Report cites inapposite caselaw—specifically, the Magistrate Judge's reliance on *Cranor v. 5 Star Nutrition*, 998 F.3d 686, 691 (5th Cir. 2021). Docket No. 22 at 2. Defendants contend that *Cranor* did not decide the issue before the Court and further contend that the Magistrate Judge did not address this distinction.

Defendants mischaracterize the Magistrate Judge's reliance on *Cranor*. Contrary to Defendants' argument, the Magistrate Judge expressly acknowledged that "the Fifth Circuit in *Cranor* did not specifically address § 227(c) of the TCPA." Docket No. 21 at 5. However, the Magistrate Judge found the Fifth Circuit's reasoning in *Cranor* persuasive as applied to the issue before the court—namely whether § 227(c)'s "residential telephone subscriber" provision can encompass wireless subscribers. *Id.* at 5–6.

Considering the issue de novo, the Court also finds the reasoning in *Cranor* to be persuasive. Indeed, in *Cranor*, the Fifth Circuit reasoned generally that Congress sought to remediate "nuisance and invasion of privacy" in a broader set of circumstances, not just in the home and that "the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home." *Cranor*, 998 F.3d at 690.

2

Thus, the Court agrees that the reasoning in *Cranor* supports the conclusion that § 227(c) of the TCPA is not limited to devices used only in the home.

Defendants also object that the Report did not address their argument that 47 C.F.R. § 64.1200(e) is an interpretative rule that exceeds the Federal Communications Commission's ("FCC") authority. Docket No. 22 at 3. But the Report need not have addressed this argument unless it relied on the FCC's regulation as binding authority, which it did not. Instead, the Magistrate Judge considered the FCC's regulation as "guidance." Docket No. 21 at 6. Ultimately, the Magistrate Judge agreed with the majority of district courts around the country that have similarly considered the FCC's guidance and concluded that § 227(c)'s "residential telephone subscriber" provision can encompass wireless subscribers. *Id.* Having considered the issue presented, the Court agrees with this conclusion, particularly in light of the courts within the Fifth Circuit that have reached this same conclusion. *See, e.g., Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *3 (N.D. Tex. Feb. 24, 2022); *Strange v. ABC Co.*, 2021 WL 798870, at *4 (W.D. La. Mar. 1, 2021).

Ultimately, Defendants have not cited any persuasive authority foreclosing Plaintiff's allegations in this Circuit. As such, the Court agrees that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 6) should be denied.

Having reviewed Plaintiff's objections, the record in this case, and the Magistrate Judge's Report de novo, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 21) as the opinion of the District Court.  Defendants' motion to dismiss (Docket No. 6) is **DENIED**.

So **ORDERED** and **SIGNED** this **12th** day of **July, 2023.**

                                            JEREMY D. KERNODLE
                                            UNITED STATES DISTRICT JUDGE