UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DILLON MYRICK, | |
| Plaintiff, | Case No. 6:22-cv-484-JDK |
| v. | |
| ADAPTHEALTH LLC; HOME MEDICAL EXPRESS, INC., | Hon. Jeremy D. Kernodle |
| Defendants. | |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Clayton L. Falls
Texas State Bar No. 24047546
clayton.falls@klgates.com
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: 214-939-4958
Facsimile: 214-939-5849

Joseph C. Wylie II (admitted *pro hac vice*)
Nicole C. Mueller (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
joseph.wylie@klgates.com
nicole.mueller@klgates.com

Defendants AdaptHealth LLC ("AdaptHealth") and Home Medical Express, Inc. ("Home Medical and, together with AdaptHealth, "Defendants") respectfully move to strike Plaintiff Dillon Myrick's ("Plaintiff") Motion for Class Certification [DE 56], and, in support, state as follows:

## INTRODUCTION

Plaintiff's untimely motion for class certification is yet another example of Plaintiff's failure to prosecute his case diligently. This matter has been pending for nearly two years, and the parties have completed merits discovery. The Fourth Amended Scheduling Order clearly provides that "any other motions that may require a hearing," such as a motion for class certification, were to be filed no later than September 16, 2024. [DE 51 at 3]. Plaintiff sought to extend that deadline, as well as the trial date [DE 53], and the Court denied that request. [DE 55]. Now, less than three months before trial, which already has been delayed by seven months, Plaintiff seeks to certify a class. Moving to certify a class now will inevitably delay trial, as it will require briefing by the parties, potentially class discovery, and an evidentiary hearing (and if a class were certified, the required notice process and opt-out period). The mandate in Rule 23 to certify a class at an "early practicable time" is in place for a reason. Plaintiff's unjustified delays in moving for class certification upends Rule 23 and this Court's scheduling order. Accordingly, the Court should strike Plaintiff's motion for class certification.

## LEGAL STANDARD FOR A MOTION TO STRIKE

Courts possess considerable discretion in ruling on a motion to strike. *Highline Innovation Investments Partnership, LLC v. Biolert, Ltd.*, Civil Action No. 4:21-cv-00615, 2022 WL 3354775, *3 (E.D. Tex. Aug. 12, 2022). This applies to pleadings or other documents that are not timely filed. *See Janise v. United Prop. And Cas. Ins. Co.*, Civ. Action No. 1:20-cv-00378, 2021 WL 389084, at *3 (E.D. Tex. Feb. 3, 2021) (stating that courts have the power to strike an untimely

filed answer); *Touchpoint Projection Innovations, LLC v. CDNetworks Co., Ltd.*, Civ. Action No. 2:23-cv-00233-JRG, 2024 WL 4028034, at *1 n.1 (E.D. Tex. Aug. 30, 2024) (granting defendant's motion to strike plaintiff's untimely filed response to defendant's motion to set aside default); *see also Spend Life Wisely Co. v. Phillips*, 700 F. Supp. 3d 510, 518 (E.D. Tex. 2023) (quoting *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 346 (5th Cir. 1991)) ( "[A] district court should not be obliged to interrupt the orderly proceedings of its docket to rule on [an] issue when [a party] could have easily presented these matters earlier.").

## ARGUMENT

I.  **PLAINTIFF'S MOTION IS UNTIMELY UNDER FED. R. CIV. P. 23**

Rule 23 requires a decision regarding certification of a class at "an early practicable time after a person sues or is sued as a class representative[.]" Fed. R. Civ. P. 23(c)(1)(A). An early motion for class certification allows the parties to engage in class discovery to "explore the facts that support or counsel against class certification." *Morrow v. City of Tenaha Deputy City*, No. 2:08-cv-288, 2010 WL 2721400 (E.D. Tex. July 8, 2010). *See also Vine v. PLS Fin. Servs., Inc.*, Civ. Action No. 4:18-cv-00450, 2020 WL 408983, at *5 (E.D. Tex. Jan. 24, 2020) (quoting *Pittman v. E. I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977)) ("Prior to class certification, 'a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action.'"). In cases where plaintiffs have failed to timely move for class certification at "an early practicable time," courts have dismissed class allegations. *See, e.g., Taylor v. Denka Performance Elastomer LLC*, No. 17-7668, 2018 WL 1010186, at *4 (E.D. La. Feb. 22, 2018) (the "penalty for failing to timely seek class certification is the dismissal of class allegations").

Here, Plaintiff filed his complaint on December 14, 2022, and included class allegations. For nearly two years, Plaintiff failed to move for class certification. The Rule 23 mandate that

2

class certification be decided at "an early practicable time" recognizes that a decision on certification is critical for knowing how a case is to be tried and should not be unjustifiably delayed. *See* Advisory Committee Notes to 2003 Amendment to Fed. R. Civ. P. 23. Plaintiff has no justification for his delay here. Accordingly, the Court should strike Plaintiff's motion for class certification and dismiss his class allegations.

## II.     PLAINTIFF'S MOTION IS UNTIMELY UNDER THE COURT'S FOURTH AMENDED SCHEDULING ORDER

Plaintiff's motion also is untimely under the Court's Fourth Amended Scheduling Order, which requires any motions "that may require a hearing" to be filed no later than September 16, 2024. [DE 51]. This undoubtedly includes Plaintiff's motion for class certification. *See Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) (stating that, while Rule 23 itself does not require a class certification hearing, the Fifth Circuit has stated "on numerous occasions that the district court should ordinarily conduct an evidentiary hearing on this question"). Plaintiff failed to meet this deadline, and did not even address it in his Motion. As the Court noted in its order denying Plaintiff's motion to extend the September 16 deadline, Plaintiff has had fourteen months to conduct discovery. [DE 55 at 1]. At any time in those fourteen months, Plaintiff could have conducted class discovery and moved for class certification. Because Plaintiff failed to do so, the Court should strike Plaintiff's motion and dismiss the class allegations. *Janise*, 2021 WL 389084, at *3; *Touchpoint*, 2024 WL 4028034, at *1 n.1; *International Soc. for Krishna Consciousness v. State Fair of Texas*, 480 F. Supp. 67, 68 n.1 (N.D. Tex. 1979) (striking class allegations after plaintiff failed to move for class certification).

3

### III.   PLAINTIFF'S MOTION WILL REQUIRE A MODIFICATION OF THE GOVERNING SCHEDULING ORDER WITHOUT GOOD CAUSE

Plaintiff's untimely motion also would require the Court to continue trial yet again and issue a new scheduling order, all without good cause for doing so. "Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity of the scheduling order." *Ellis v. Clarksdale Pub. Utilities*, Case No. No. 21-60885, 2023 WL 3302839, at *2 (5th Cir. May 8, 2023), *cert. denied sub nom. Ellis v. City of Clarksdale, Mississippi*, 144 S.Ct. 378 (2023), *reh'g denied sub nom. Ellis v. City of Clarksdale*, 144 S. Ct. 629 (2024) (internal quotation marks and alterations omitted). This broad discretion includes rejecting untimely motions. *Id.*; *see also Prescott v. Hicks*, Case No. 6:24-cv-058-JDK-KNM, 2024 WL 3201662, at *2 (E.D. Tex. June 27, 2024) (adopting recommendation that untimely motion for extension of time be denied and dismissing case for failing to comply with court-ordered deadlines and failing to prosecute case).

Rule 16(b) permits the modification of a scheduling order only upon a showing of good cause, which requires a party "to show that the deadlines cannot reasonably be met *despite the diligence of the party needing the extension*." *Marathon Fin. Ins. v. Ford Motor*, 591 F.3d 458, 470 (5th Cir. 2009) (emphasis added). The "diligence" requirement is the most important factor in the good-cause analysis. *See Allergan, Inc. v. Teva Pharms. USA, Inc.*, Case No. 2:15-cv-1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017) ("The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline."). There is no reason why Plaintiff could not have filed his motion before the deadline.

4

As discussed above, Plaintiff's motion will require briefing by the parties and an evidentiary hearing. If certification were to be granted, Plaintiff would have to seek approval of the Court for a notice program, complete notice, and allow a reasonable time for class members to opt out of the class.  Fed. R. Civ. P. 23(c)(2)(B).  These tasks cannot be accomplished before the current trial date, which is set for January 2025. And as the Court noted its order denying Plaintiff's motion to extend the September 16 deadline, the Court already has continued trial by seven months and amended the scheduling order four times. [DE 55 at 1-2]. This is not a case of Plaintiff having too little time to move for class certification. The parties had fourteen months to complete discovery, and Plaintiff fully engaged in discovery on the merits of the action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court strike Plaintiff's motion for class certification and dismiss the class allegations from Plaintiff's complaint. Alternatively, if the Court considers Plaintiff's motion for class certification, then Defendants respectfully request leave to respond substantively to Plaintiff's motion.

Dated:  October 4, 2024

Respectfully submitted,

By:  */s/ Joseph C. Wylie II*
Joseph C. Wylie II (admitted *pro hac vice*)
Nicole C. Mueller (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
joseph.wylie@klgates.com
nicole.mueller@klgates.com

Clayton L. Falls
**K&L GATES LLP**
1717 Main Street, Suite 2800

5

Dallas, TX 75201
Telephone: (214) 939-4958
Facsimile: (214) 939-5849
clayton.falls@klgates.com

*Attorneys for Defendants AdaptHealth LLC and Home Medical Express, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 4, 2024 to all counsel of record via the Court's CM/ECF system.

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II

**CERTIFICATE OF CONFERENCE**

I certify that on October 4, 2024, pursuant to Local Civil Rule 7-(h), I conferred via email with counsel for Plaintiff regarding the instant motion. Counsel for Plaintiff opposes this motion and the parties' discussion has conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II

320695677.5